UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOBBY J. JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff , | ) | |
| | ) | |
| vs. | ) | CAUSE NO.  1:08-cv-50-WTL-JMS |
| | ) | |
| HIX WRECKER SERVICE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

Several fully-briefed motions for summary judgment are pending in this case.  In this Order, the Court addresses the Defendants' Motion for Partial Summary Judgment (dkt. #43). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor.  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial."  *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).  Finally, the non-moving party bears the burden of specifically

identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## Dsicussion

Defendant Hix Wrecker Service, Inc., ("HWS") is an Indianapolis business that, as its name suggests, performs wrecker services; the remaining Defendants are individuals who manage and operate HWS.  Plaintiff Bobby J. Johnson, Jr., worked for HWS for several months in 2006 as a tow truck driver.  Johnson asserts several claims in his complaint.   At issue in the instant motion is his claim that HWS violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), by failing to pay him overtime wages for occasions in which he worked more than forty hours in a given week.  HWS argues that the FLSA overtime provisions were inapplicable to Johnson because the motor carrier exemption applied to him during his employment with HWS.  The Court agrees,

The motor carrier exemption is found at 29 U.S.C. § 213(b)(1) and provides that "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49" is exempt from the overtime provisions of the FLSA.  Among other things, 49 U.S.C. § 31502 extends the Secretary of Transportation's power to "employees of, and safety of operation and equipment of, a motor carrier" that transports property across state lines.  "The Secretary has the power to set maximum hours for drivers if the company engages in more than *de minimis* interstate commerce, and that includes a company that holds itself out as an interstate company and solicits that business even though its prospect of obtaining much of that business is poor and some of its drivers never drive in interstate commerce."  *Garcia v. Pace Suburban Bus Service*,

955 F.Supp.75, 77 (N.D. Ill. 1996) (citing *Morris v. McComb*, 332 U.S. 422 (1947); *Reich v. American Driver Service, Inc.*, 33 F.3d 1153 (9th Cir.1994); *Marshall v. Aksland*, 631 F.2d 600 (9th Cir.1980); *Brennan v. Schwerman Trucking Co. of Virginia, Inc.*, 540 F.2d 1200 (4th Cir.1976)). "That does not mean, however, that the Secretary of Transportation has automatic jurisdiction over all drivers of an interstate carrier. Pursuant to a notice of interpretation, 46 Fed.Reg. 37,902, 37,903 (1981) . . . jurisdiction extends only to drivers who reasonably could be expected to make one of the carrier's interstate runs, and that means more than a remote possibility." *Garcia,* 955 F. Supp. at 77.   Thus, as explained in the relevant Department of Labor regulation:

> In a situation considered by the U.S. Supreme Court, approximately 4 percent of the total trips made by drivers employed by a common carrier by motor vehicle involved in the hauling of interstate freight. Since it appeared that employer, as a common carrier, was obligated to take such business, and that any driver might be called upon at any time to perform such work, which was indiscriminately distributed among the drivers, the Court considered that such trips were a natural, integral, and apparently inseparable part of the common carrier service performed by the employer and driver employees. Under these circumstances, the Court concluded that such work, which directly affected the safety of operation of the vehicles in interstate commerce, brought the entire classification of drivers employed by the carrier under the power of the Interstate Commerce Commission to establish qualifications and maximum hours of service, so that all were exempt even though the interstate driving on particular employees was sporadic and occasional, and in practice some drivers would not be called upon for long periods to perform any such work. (Morris v. McComb, 332 U.S. 422)

29 C.F.R. § 782.2 .  In other words, it does not matter whether the driver in question actually has made an interstate run; as long as the driver is subject to being assigned to such a run at any time, the exemption applies to that driver.

HWS has the burden of demonstrating that the exemption applied to Johnson during the time it employed him.  *Klein v. Rush-Presbyterian-St. Luke's Medical Center*, 990 F.2d 279, 283 (7th Cir.1993).  To demonstrate the application of the exemption to Johnson, HWS has submitted

3

evidence, in the form of the affidavit of Defendant Gail Neal, the corporate secretary of HWS, which establishes the following:

1. HWS has at all relevant times held a common-carrier certificate of authority from the Department of Transportation that permits it to transport property for hire in interstate commerce.

2. Since 1973, HWS has provided its customers with both intrastate and interstate wrecker services.

3. HWS routinely provides interstate wrecker services for several of its customers.

4. All HWS drivers are subject to being assigned to an out-of-state run, either as a driver or as a helper, as needed.

5. Johnson was subject to being assigned to an out-of-state run at all times during his employment with HWS.

Thus, HWS has submitted evidence sufficient to establish that the motor carrier exemption to the FLSA was applicable to Johnson during his employment with HWS.

Johnson's response is three-fold. First, he attempts to create a factual dispute regarding whether he was, in fact, subject to being assigned to out-of-state runs by submitting his own affidavit, in which he states that he did not have a Class A drivers license during his employment with HWS and that he "do[es] not recall any other tow truck driver who did not have a Class A license being sent on an out-of-state trip" during his tenure there. However, it would not be reasonable to draw the inference that only Class A drivers were subject to being assigned to interstate jobs from what Johnson "recalls" happening during the short time that he worked for HWS. Johnson's recollection simply is not sufficient to create a factual dispute in the face of Neal's unequivocal statement that Johnson was, in fact, subject to being sent out of state at any

4

time.

Next, Johnson, citing *Elliot v. Dave Ernstes & Sons Trucking*, 2006 WL 2849705 (S.D. Ind. 2006), argues that "merely performing some interstate runs during the history of the business is not sufficient; rather, it must be within a reasonable time, i.e. four months, from the time period in question" and points out that HWS has not submitted any evidence that one of its drivers was assigned to an interstate run "within a four-month time period." The four-month test discussed in *Elliot* is set forth in a DOT regulation which provides that

> in order to establish jurisdiction under 49 U.S.C. 304 the carrier must be shown to have engaged in interstate commerce within a reasonable period of time prior to the time at which jurisdiction is in question. *The carrier's involvement in interstate commerce must be established by some concrete evidence such as an actual trip in interstate commerce or proof, in the case of a 'for hire' carrier, that interstate business had been solicited.* If jurisdiction is claimed over a driver who has not driven in interstate commerce, evidence must be presented that the carrier has engaged in interstate commerce and that the driver could reasonably have been expected to make one of the carrier's interstate runs. Satisfactory evidence would be statements from drivers and carriers, and any employment agreements. Evidence of driving in interstate commerce or being subject to being used in interstate commerce should be accepted as proof that the driver is subject to 49 U.S.C. 304 for a 4-month period from the date of the proof. The FHWA believes that the 4-month period is reasonable because it avoids both the too strict week-by-week approach and the situation where a driver could be used or be subject to being used once and remain subject to jurisdiction under 49 U.S.C. 304 for an unlimited time.

46 Fed. Reg. 37,902 (July 23, 1981) (emphasis added). While it is true that HWS has not submitted any evidence that establishes how often its drivers conducted interstate runs, the undisputed evidence of record is that they did so "routinely" for several of HWS's customers. Thus, the evidence establishes that at all relevant times HWS made itself available to its customers to provide interstate service and that Johnson was at all times subject to being assigned to provide that service when it was needed. That is sufficient.

Finally, Johnson argues that even if the motor carrier exemption applied to Johnson,

"[p]ursuant to 49 U.S.C. §13506(b)(3), 'the emergency towing of an accidentally wrecked or disabled motor vehicle' is not governed by the Department of Transportation. As such, these emergency tows are specifically exempted from the Motor Carriers Exemption. Thus, this Court should find Defendants liable to Mr. Johnson for overtime wages earned while performing emergency tows." This argument misses the mark as well. As explained above, the fact that Johnson was subject to being assigned to interstate runs at any time during the entire period of his employment with HWS placed him squarely under the motor carrier exemption of the FLSA. The fact that certain aspects of Johnson's job–including any emergency tows he may have performed– were outside of the jurisdiction of the Department of Transportation is irrelevant. In other words, the exemption is not applied in a piecemeal fashion depending upon the actual work done by the employee on a given day, but rather it either applies to an employee during a particular time period or it does not.

## Conclusion

For the reasons set forth above, the Court determines that Johnson was subject to the motor carrier exemption to the FLSA during his employment at HWS. Accordingly, Defendants are entitled to summary judgment on Johnson's claim for overtime pay under the FLSA, and their motion for partial summary judgment therefore is **GRANTED**.

SO ORDERED: 06/18/2009

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Russell William Pool
Douglas W. Pool & Associates
rpool@dwplegal.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com