UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY J. JOHNSON, JR.,                       ) | |
|    Plaintiff ,                              ) | |
|      vs.                                           ) | CAUSE NO.  1:08-cv-50-WTL-JMS |
| HIX WRECKER SERVICE, INC., et al.,    ) | |
|    Defendants.                            ) | |

### ENTRY REGARDING REMAINING ISSUES

The Court recently granted summary judgment in favor of the Defendants on Johnson's claim for overtime pay pursuant to the Fair Labor Standards Act ("FLSA").  Several issues remain unresolved in this case, each of which is addressed, in turn, below.

*Motion to Reconsider (dkt. #94)*

First, Johnson has filed a motion to reconsider the Court's Entry granting the Defendants' motion for partial summary judgment.  That motion is **DENIED**.  The Court considered all of the issues raised in the motion to reconsider in making its initial ruling, and remains unpersuaded by Johnson's arguments.  Specifically, with regard to Johnson's argument regarding the DOT regulation found at 46 Fed. Reg. 37,902 (July 23, 1981), the Court notes that Johnson continues to ignore the language of that regulation that contradicts his position that the Defendants were required to prove that its drivers *actually performed* an interstate run within four months of Johnson's employment.  Rather, the regulation provides:  " The carrier's involvement in interstate commerce must be established by some concrete evidence such as an actual trip in interstate commerce or proof, in the case of a 'for hire' carrier, that interstate business had been solicited."   In this case, the Defendants have submitted an uncontraverted affidavit that states

that they offer interstate wrecker service to its customers, that they routinely provide interstate service to five of its customers, and that Johnson was subject to being assigned to an interstate job at all times during his employment. The Court still believes that evidence is sufficient to sustain the Defendants' burden of showing that the motor carrier exemption applied to Johnson.

*Summary Judgment as to Remaining FLSA Claim*

Johnson's Cross-Motion for Summary Judgment (dkt. #85) is **DENIED IN PART** with regard to his FLSA claims. Johnson's FLSA claim for overtime wages was resolved in the Defendants' favor by the Court's previous order. Johnson also has asserted a minimum wage claim pursuant to the FLSA and moved for summary judgment on that claim. The Court issued on Order to Show Cause why the Defendants are not entitled to summary judgment on that claim as well, and Johnson has filed a notice that he does not intend to respond to that Order. Accordingly, for the reasons set forth in the Order to Show Cause, summary judgment is **GRANTED** in favor of the Defendants on Johnson's minimum wage claim pursuant to the FLSA. This resolves Johnson's only remaining federal claim.

*State Law Claims*

In addition to his FLSA claims, Johnson has asserted several state law claims. The Court's jurisdiction over these claims is based upon 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based upon state law that are closely related to the federal claim(s) in a case. However, "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to that general rule, and the court should decide the merits of a supplemental state claim when (1) the statute of limitations has run, precluding the filing of a separate suit in state

court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is "absolutely clear" how the state claims should be decided. *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). None of those exceptions apply here. Indeed, the Court believes (after an admittedly cursory review) that Johnson's state law claims involve unsettled issues of state law regarding the procedural requirements of the Indiana Wage Claims statute which have been the subject of some somewhat contradictory rulings by the Indiana appellate courts. Therefore, the proper resolution of these claims under Indiana law is far from "absolutely clear," and the claims are best left to the consideration of the Indiana state courts. Accordingly, the Court declines to declines to consider the remainder of Johnson's cross-motion for summary judgment and the Defendants' second motion for summary judgment and declines to exercise supplemental jurisdiction over the state law claims asserted in Johnson's complaint. Judgment will issue this date dismissing those claims without prejudice.

*Motion for Sanctions (dkt. #60)*

Finally, Johnson has filed a motion for sanctions in which he relates his long struggle to obtain discovery responses from the Defendants. The Court finds that Johnson's recitation of events contained in his brief and reply in support of the motion are accurate, as evidenced by the numerous conferences and rulings by the Magistrate Judge assigned to this case, and that those events support Johnson's request for attorney fees. The Court further finds that the hourly rate sought ($250.00) and the number of hours expended (17.9) are reasonable[1] and that all of the work was necessitated by the Defendants' failure to timely provide full and complete responses

---

[1] The Court recognizes but declines Johnson's invitation to award additional sanctions beyond an award of attorney fees.

3

to Johnson's discovery requests. Specifically, Johnson seeks attorney fees relating to (1) attempting to procure discovery responses prior to filing a motion to compel; (2) filing a motion to compel; (3) filing motions for extension of certain deadlines which could not be met because the discovery responses had not yet been provided; (4) participating in status conferences that were necessitated by the continued failure to fully respond to the discovery requests; and (5) filing the instant motion for sanctions.

The Defendants' response to the motion for sanctions indicates that the breakdown in the discovery process was not caused by any recalcitrance on the part of the Defendants, but rather by some medical issues suffered by the Defendants and by the fact that defense counsel was busy attending to the more urgent needs of other clients.[2] Therefore, the Court determines that the sanctions award should be entered against defense counsel, not the Defendants themselves. Accordingly, defense counsel Russell W. Poole is **ORDERED** to pay sanctions to Johnson in the amount of $4,475.00. Payment shall be made **within 60 days of the date of this Entry**.

SO ORDERED: 07/14/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Russell William Pool
Douglas W. Pool & Associates
rpool@dwplegal.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

---

[2] The Court notes that the Defendants have not provided enough detail about these issues to support a finding that their failures were substantially justified or that an award of fees would otherwise be unjust. The Court further notes that sanctions easily could have been avoided if defense counsel had simply filed timely motions for extension of time to respond to discovery, rather than simply ignoring his discovery obligations.