**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **BOBBY J. JOHNSON, JR.,** | ) |
| | ) |
|    Plaintiff , | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:08-cv-50-WTL-JMS |
| | ) |
| **HIX WRECKER SERVICE, INC., et al.,** | ) |
| | ) |
|    Defendants. | ) |

**ENTRY ON MOTION TO RECONSIDER**

Final judgment was entered in this case on July 16, 2009. On July 31, 2009, the Defendants filed a motion, purportedly pursuant to Federal Rule of Civil Procedure 59, in which they ask the Court to reconsider aspects of its final ruling. Rule 59(e) provides that such motions "must be filed no later than 10 days after the entry of judgment." Pursuant to Federal Rule of Civil Procedure 6(a), only business days are included in the ten-day time period; therefore, that time period expired on July 30, 2009, making the Defendants' motion one day late.[1] Inasmuch as "[a] district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e)," *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 761 (7th Cir. 2001) (citations omitted), the Court is powerless to consider the Defendants' motion as a Rule 59 motion. However, the Court will consider the arguments raised in the motion as if they had been made pursuant to Federal Rule of Civil Procedure 60(b).

---

[1] Perhaps the Defendants believed they were entitled to an additional three days pursuant to Federal Rule of Civil Procedure 6(d). They were not. Rule 6(d) "only enlarges the filing time when the period for acting runs from the service of a notice, not when the time for acting is designated from the entry of judgment. . . [and the rule] applies only to documents 'served' on opposing counsel, not to documents such as complaints or notices of appeal that must be filed in court." *McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008) (citations omitted).

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

"[R]elief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances.'" *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

In this case, the Defendants first object to the Court's decision to decline to retain jurisdiction over the Plaintiff's state law claims after granting summary judgment in the Defendants' favor on the Plaintiff's federal claims. The Defendants recognize that "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts," *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008), but argue that two exceptions to that general rule apply in this case. First, the Defendants argue that substantial judicial resources have already been committed by this Court. In fact, this Court has not devoted any resources to the resolution of the state law claims; its efforts have been directed toward the resolution of the federal claims, and as those

2

were disposed of on summary judgment, "'substantial judicial resources' have not yet been committed to the case". *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008).[2]

Next, the Defendants argue that the proper resolution of the state law claims in this case is "absolutely clear" and therefore the Court should have retained jurisdiction over them. The Court disagrees; to the contrary, as the Court stated in its final order:

> Johnson's state law claims involve unsettled issues of state law regarding the procedural requirements of the Indiana Wage Claims statute which have been the subject of some somewhat contradictory rulings by the Indiana appellate courts. Therefore, the proper resolution of these claims under Indiana law is far from "absolutely clear," and the claims are best left to the consideration of the Indiana state courts.

At issue is the Defendants' argument that the Plaintiff's claim under the Indiana Wage Claims statute is precluded because he failed to follow the statutorily prescribed procedure prior to filing this case. Specifically, the Defendants argue that the Plaintiff was required by statute to first submit his claim to the Indiana Department of Labor ("DOL"), and that he could pursue a lawsuit only if the DOL referred the matter to the Indiana Attorney General and the Attorney General in turn referred the case to Plaintiff's attorney. The Plaintiff did, in fact, submit his claim to the DOL; however, he did not file a particular form that the Defendants argue is required by the applicable regulations. In addition, while Plaintiff's counsel did receive a referral letter, it was from the DOL, not the Attorney General.

The Defendants argue that the Indiana Court of Appeals' decision in *Lemon v. Wishard*

---

[2]The Defendants argue that to the extent the Plaintiff's state law claims are based on the failure to pay minimum wage, "it must be made clear by this Court that any claim related to hours worked but not remunerated or to minimum wage violations have been judged on the merits and may not be litigated a second time." It is clear that judgment has been entered in favor of the Defendants on the Plaintiff's federal minimum wage violation claim because the Court found that there was no such violation. The Court has every confidence in the state court's ability to determine the impact of this judgment on the Plaintiff's state law claims.

*Health Servs.*, 902 N.E.2d 297 (Ind. App. 2009), makes the resolution of this issue clear.  The Court was well aware of the *Lemon* decision when it entered its final order; unfortunately, it does not provide the clarity urged by the Defendants.  The *Lemon* court noted that:

> the Wage Claims Act contemplates that a claimant must approach the DOL before he or she is entitled to file a lawsuit in court to seek unpaid wages or penalties.  The DOL is then entitled to investigate the claim and refer the claim to the Attorney General, who may either institute an action on the claimant's behalf or refer the claim to an attorney.

*Id.* at 300-01.  This language seems to support the Defendants' argument that the Plaintiff's failure to obtain a referral from the Attorney General is fatal to his claim.  However, it appears that the plaintiff's attorney in *Lemon* (who also represents the Plaintiff in this case) also obtained his referral letter from the DOL, not the Attorney General.  *See id.* at 298 ("Lemon's attorney sought a referral letter from the DOL granting permission to file a lawsuit under the Wage Claims Act.  The DOL issued the referral letter shortly thereafter.").  The court later noted that it was "undisputed" that Lemon's actions complied with the applicable statutory provisions.  *Id.* at 301. In addition, no mention was made of the requirement to file a particular form; rather, the *Lemon* opinion speaks more generally of "approaching" the DOL.  Accordingly, nothing in the *Lemon* case clearly dictates a ruling in the Defendants' favor, and the Court stands by its decision to relinquish jurisdiction over the Plaintiff's state law claims to the state court.

Next, the Defendants take issue with the imposition of sanctions in the amount of $4475.00 against Defendants' counsel for failure to timely provide full and complete responses to the Plaintiff's discovery requests.  The Defendants do not object to the imposition of sanctions, but rather to the amount of the sanctions imposed, arguing that Plaintiff's counsel sought compensation for time that was spent on issues unrelated to the tardy discovery responses.  The Defendants had ample opportunity to raise this argument in response to the

4

Plaintiff's motion for sanctions; they chose not to do so. This failure does not constitute the type of "special circumstances" that would justify the "extraordinary remedy" provided by Rule 60(b).[3] *See Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). There is no ground to reconsider the order of sanctions.

For the reasons set forth above, the Defendants' motion to reconsider is **DENIED**. Defense counsel Russell W. Poole remains under an order to pay sanctions to the Plaintiff in the amount of $4,475.00. If it has not been made already, payment shall be made **within 14 days of the date of this Entry**.

SO ORDERED: 09/29/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Russell William Pool
Douglas W. Pool & Associates
rpool@dwplegal.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

---

[3] Nor would this argument have been successful if a timely Rule 59 motion had been filed. *See Franzen v. Ellis Corp.*, 543 F.3d 420, 429 (7th Cir. 2008) ("It is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment." (citation omitted)).