UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY J. JOHNSON JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:08-cv-00050-WTL-TAB |
| | ) |
| HIX WRECKER SERVICE, INC., | ) |
| JAMES HIX, OVA HIX, and | ) |
| GAIL NEAL, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON FEBRUARY 15, 2012, TELEPHONIC STATUS CONFERENCE**

Parties appeared by counsel on February 15, 2012, for a telephonic status conference to address Defendants' motion for protective order. [Docket No. 132.] The Court expedited this due to the February 21, 2012, trial date. Counsel were given a full opportunity to be heard on the motion, which seeks to preclude Plaintiff from taking certain depositions that have been noticed.

This motion has its origins in the District Judge's January 18, 2012, Entry On Motion To Reconsider, which in relevant part granted the Plaintiff "leave to conduct whatever deposition he deems necessary on the topic of the dispatch log and the information contained therein." [Docket No. 129 at 1-2.] This order also required Defendants to file their final witness and exhibit lists within three days, which Defendants did. The problem is that in response to this order and Defendants' subsequent disclosure, Plaintiff did nothing for two weeks. Finally, on February 6, Plaintiff served notices for six depositions, including a Rule 30(b)(6) deposition that included eight deposition topics, including such broad categories as, "Any pleadings filed by

Defendant to date" and "The discovery responses of Defendant." [Docket No. 132-1 at 1.] The depositions were noticed for February 15 and 16, in contravention of S.D.Ind.L.R. 30-1(d), which provides in relevant part, "Unless agreed by counsel or otherwise ordered by the court, no deposition will be scheduled on less than 14 days notice."

As result of the foregoing, Defendants correctly filed the instant motion for protective order. Defendants rightly argue that the deposition notices fail to provide sufficient notice of the deposition as required by Local Rule 30-1(d). And while one might imagine that the looming trial date contributed to this error, in fact Plaintiff's counsel candidly admitted during the conference that he was not aware of the local rule. While the Court appreciates counsel's candor, ignorance of this basic rule is unacceptable. It was also completely avoidable, since picking up the telephone and trying to coordinate dates with opposing counsel is always preferable to serving a deposition notice.

Moreover, the reconsideration order clearly contemplates a single deposition on a single topic. Instead, Plaintiff served six deposition notices which included one deposition seeking information on eight topics, most of which are over broad and have absolutely nothing to do with the issue that prompted the need for the deposition. Requiring Defendants to submit to six depositions on short notice on the eve of trial would be unduly prejudicial.

Accordingly, the Court granted Defendant's motion for protective order [Docket No. 132] to the extent that Plaintiff is permitted to take a single deposition limited to the topic of the dispatch log and the information in that log.

Dated: 02/17/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Russell William Pool
Douglas W. Pool & Associates
rpool@dwplegal.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com