UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY J. JOHNSON, JR., )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>HIX WRECKER SERVICE, INC., et al., )<br>)<br>    Defendants. ) | CAUSE NO.  1:08-cv-50-WTL-TAB |

### ENTRY REOPENING LIABILITY PHASE OF TRIAL

A bench trial was held in this case on March 23, 2012, on the issue of liability. Specifically, by agreement of the parties, the first phase of the bench trial was limited to the following issues: (1) whether the motor carrier exemption to the Fair Labor Standards Act applied to Plaintiff Bobby Johnson during all or part of his employment with Defendant Hix Wrecker Service, Inc. ("HWS"); and (2) whether the individual Defendants were Johnson's "employers" as that term is defined by the FLSA.

The motor carrier exemption to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), is found at 29 U.S.C. § 213(b)(1) and provides that "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49" is exempt from the overtime provisions of the FLSA. Among other things, 49 U.S.C. § 31502 extends the Secretary of Transportation's power to "employees of, and safety of operation and equipment of, a motor carrier" that transports property across state lines. The application of the motor carrier exemption to Johnson is an affirmative defense as to which the Defendants have the burden of proof.

Prior to the filing of Johnson's post-trial brief, the dispositive questions with regard to whether the motor carrier exemption applied to Johnson appeared to the Court to be whether HWS regularly engaged in interstate commerce during the time of the Johnson's employment and whether Johnson could reasonably have been expected to make one of the HWS's interstate runs during his employment. These issues were identified in the parties' cross-motions for summary judgment and were the subject of Johnson's appeal from the Court's ruling on those motions.

In his post-trial brief, however, Johnson identified a new issue: the weight and/or the gross vehicle weight rating of the trucks driven by Johnson during his employment with HWS. This issue is relevant because, during the relevant time period, the motor carrier exemption applied only to "a person providing commercial motor vehicle (as defined in section 31132) transportation for compensation," 49 USCA § 13102 (effective August 10, 2005, to June 5, 2008), and "commercial motor vehicle" was (and still is), in turn, defined as a vehicle with "a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater." 49 USCA § 31132(1)(A). Therefore in addition to having been subject to making interstate runs, Johnson also must have driven (or perhaps have been subject to driving) a vehicle whose weight or gross vehicle weight rating satisfied the applicable definition.

The trouble is that there is no competent evidence before the Court regarding the weight of any of the vehicles that were or could have been driven by Johnson. Johnson himself made a self-described "wild guess" that the truck he drove weighed "maybe 7 to 8,000 pounds."[1] The

---

[1] If that wild guess is correct, it is virtually inconceivable that the gross vehicle weight rating of the truck, which includes the load that the truck can carry (i.e., the vehicles that it would tow), would not exceed 10,000 pounds.

Defendants submitted documents with their response to Johnson's post-trial brief that purport to show the weight of a truck similar to those driven by Johnson.  However, Johnson's motion to strike those documents is **GRANTED**; they are neither properly authenticated nor subject to cross-examination by Johnson.

Given this lack of evidence, Johnson argues, correctly, that the Defendants have not at this point satisfied their burden of proof with regard to their affirmative defense.  This has been a case filled with second chances, however.  Both attorneys have benefitted from the Court's desire to decide this case on its merits rather than by default based upon the action or inaction of counsel.  To resolve this case based on the record currently before the Court would not be consistent with "the normally predominant principle of utilizing all rational means for ascertaining truth."  *See, e.g., Jaffee v. Redmond*, 518 U.S. 1, 9 (1996).  Unlike many cases, in which fallible things such as witness perceptions and memories decide the outcome, in this case there appears to be a concrete, easily ascertainable answer to the dispositive question:  either the trucks driven by Johnson had a gross vehicle weight or gross vehicle weight rating of at least 10,001 pounds or they did not.

The Court therefore **REOPENS** the liability phase of this trial.  It is the Court's sincere hope that the parties can stipulate with regard to the gross vehicle weight and gross vehicle weight rating of the relevant trucks.  If they cannot, the Court will hear testimony on the issue on **Monday, September 10, 2012, at 1:00 p.m.**

SO ORDERED: 08/21/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification