UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY J. JOHNSON, JR., | ) |
| | ) |
| Plaintiff , | ) |
| | ) |
| vs. | ) CAUSE NO.  1:08-cv-50-WTL-TAB |
| | ) |
| HIX WRECKER SERVICE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON POST-TRIAL MOTIONS

Several motions relating to the Plaintiff's desire to appeal the Court's judgment in this case are ripe for review. Each motion is addressed, in turn, below.

### MOTION TO VACATE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS (DKT. NO. 175)

The Plaintiff filed a motion for leave to proceed *in forma pauperis* when this case was initially filed; that motion was granted. Dkt. No. 3. After the Court granted summary judgment in the Defendants' favor, the Plaintiff moved for permission to appeal *in forma pauperis*; that motion also was granted. Dkt. No. 104. The Court's summary judgment ruling was reversed on appeal, the case was remanded, a bench trial was held, and judgment again was entered in favor of the Defendants. The Plaintiff then moved once again for permission to appeal *in forma pauperis*; that motion was granted. Dkt. No. 171.

The Defendants now move to vacate the Court's order permitting the Plaintiff to appeal *in forma pauperis* based upon deficiencies they perceive in the information provided by the Plaintiff in conjunction with his *in forma pauperis* motion and accompanying affidavit. For example, the Defendants object to the fact that the Plaintiff failed to include "the issues that the party intends to present on appeal" in his affidavit in support of his motion as required by

Federal Rule of Appellate Procedure 24(a)(1)(C).  However, Federal Rule of Appellate Procedure 24(a)(3) provides:

> A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Pursuant to this rule "a plaintiff who has been allowed to proceed *in forma pauperis* in the district court need not ordinarily provide reasons for an appeal." *Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir.1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).  Therefore the Plaintiff's omission of the reasons for his appeal was harmless, because the Plaintiff was not required to obtain this Court's permission to proceed *in forma pauperis* on appeal in the first place.

The Defendants also question the accuracy and completeness of some of the financial information provided by the Plaintiff in conjunction with his motion.  Any such deficiencies also are harmless—again, because the Plaintiff's motion was unnecessary—unless they suggest to the Court that the Plaintiff is "not otherwise entitled to proceed *in forma pauperis*."  They do not.  There is no indication that the Plaintiff's financial situation has improved since he was granted leave to proceed *in forma pauperis* in this Court.  Accordingly, the motion to vacate the Court's ruling (dkt. no. 175) is **DENIED**.[1]

---

[1] In light of this ruling, the Plaintiff's motion for extension of time to respond to the Defendants' motion to vacate (dkt. no. 179) is **DENIED AS MOOT**, and the Court has not considered the Plaintiff's response.

## **MOTION TO WAIVE TRANSCRIPT FEES (DKT. NO. 172)**

The Plaintiff asks the Court to waive the fees for the transcripts of the final pretrial conference and the bench trial in this case in light of his *in forma pauperis* status. The Defendants object to this request as untimely, based upon the fact that the Plaintiff did not include the transcripts in his designation of the record for appeal and did not file the Seventh Circuit Transcript Information Sheet as required by Federal Rule of Appellate Procedure 10(b) and Circuit Rule 11(a). However, the Plaintiff did file his motion to waive transcript fees by the applicable deadline, thereby putting the Defendants on notice that he wished for the transcripts to be included in the record. Further, the Court finds that the pendency of the motion to waive fees constitutes good cause for the failure to file the Transcript Information Sheet with the court reporter by the deadline, inasmuch as the Plaintiff would not be able to pay for the transcripts if the Court denied his motion to waive their cost.

The Defendants also object to the fact that the Plaintiff has requested the entire transcripts, rather than only the relevant parts thereof. The Court agrees with the Plaintiff that this request is appropriate given the nature of the issues the Plaintiff intends to raise on appeal and the brevity of the proceedings at issue.

Finally, the Court notes—although the Plaintiff failed to—that whether the Plaintiff is entitled to obtain the transcripts without cost is governed by 28 U.S.C. § 753(f) which provides, in relevant part, that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." In his Notice of Appeal, the Plaintiff states that he is appealing both the Court's reopening of the liability phase of the trial to accept additional evidence and the sufficiency of the evidence

regarding the Defendants' affirmative defense. The Court finds that the appeal is not frivolous and that the transcripts at issue are relevant to the Plaintiff's appeal.

For the reasons set forth above, the Plaintiff's motion is **GRANTED** to the following extent: the Plaintiff is entitled to the transcripts of the final pretrial conference held on December 22, 2011, and the second day of the bench trial, which occurred on September 19, 2012,[2] the costs to be paid by the United States. The Plaintiff shall file with the court reporter the Seventh Circuit Transcript Information Sheet and a copy of this Entry **within 3 days of the date of this Entry**. After the transcripts have been prepared, the court reporter may submit her request for payment to the clerk of this court along with a copy of this Entry.

### MOTION TO STRIKE MATTER FROM PLAINTFF/APPELLANT'S DESIGNATION OF RECORD (DKT. NO. 177)

The Defendants argue that certain documents that have been designated as part of the appellate record are not relevant and should be stricken. The documents in question relate to sanctions that were entered by the Court against the Defendants' counsel early in the case. Inasmuch as the Plaintiff is appealing the Court's decision to reopen the evidence, and the Court noted in doing so that "[t]his has been a case filled with second chances" for both attorneys, the Court cannot say that the circumstances leading to the sanctions in question are entirely irrelevant to the issues on appeal. Accordingly, the Defendants' motion to strike is **DENIED**.

SO ORDERED:    01/14/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[2] As the Defendants point out, the transcript from the first day of the bench trial is already in the record.